**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**BROOKLYN DIVISION**

REPLY ALL CORP.,

       Plaintiff,

                               CIVIL ACTION NO.:

v.

GIMLET MEDIA, INC.,

       Defendant.

---

## COMPLAINT FOR DAMAGES AND INJUNCTION

    REPLY ALL CORP. ("ReplyAll"), by and through its undersigned counsel, for its Complaint against GIMLET MEDIA, INC. ("Gimlet"), respectfully states as follows:

### JURISDICTION AND VENUE

1. This is an action for trademark infringement, unfair competition, and false designation of origin under the Lanham Act, 15 U.S.C. §§ 1051, *et seq*.

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b) and 15 U.S.C. § 1121.

3. This Court has personal jurisdiction over Defendant Gimlet, because Gimlet has continuous and systematic business contacts with the state of New York. Upon information and belief, Gimlet is headquartered in New York and/or has principals, partners, officers, directors, employees, or other persons related to Gimlet doing business in the state of New York.

4. Venue is appropriate in this Court under 28 U.S.C. § 1391 in that Gimlet is subject to personal jurisdiction in this judicial district, and that a substantial part of the events giving rise to this action occurred in this judicial district.

## PARTIES

5. Plaintiff ReplyAll is a corporation, organized and existing under the laws of the state of Delaware, having its principal place of business at 630 West 246th Street #434, Bronx, New York 10471.

6. Defendant Gimlet Media is a corporation, organized and existing under the laws of the state of Delaware, having its principal place of business at 535 Dean Street, No. 106, Brooklyn, New York 11217.

## STATEMENT OF FACTS

7. ReplyAll is the owner of all rights, title and interest to the ReplyAll brand. The ReplyAll Brand started in 2012, in connection with providing an online service that allows content creators to easily publish conversational content on the Internet.

### ReplyAll – The Mark

8. ReplyAll is the registrant and owner of the registered trademark REPLYALL, United States Trademark Registration No. 4391220, filed on December 3, 2012 and registered on August 27, 2013 with the U.S. Patent and Trademark Office ("USPTO"), for computer services, namely, creating an on-line community for registered users to form groups and create publicly viewable conversations where group members are the only individuals who can contribute to the conversation. A true and correct copy of the U.S. Trademark Registration No. 4391220 is attached hereto as "**Exhibit A**."

9. Since February 29, 2012, and at all times relevant to this action, ReplyAll has used the Mark to refer to a technology that allows content creators to easily publish conversational content on the internet, particularly use of the service at replyall.me, which is easily and oft embedded on third party publishers' websites.

10. ReplyAll retains the rights to the Mark's use to this day.

2

11. The REPLYALL Mark is valid, subsisting, unrevoked, and uncancelled.

12. ReplyAll's registration is *prima facie* evidence of the validity and conclusive evidence of ReplyAll's exclusive right to use the Mark in commerce in connection with the designated services.

13. Registration of the Mark is constructive notice to Gimlet of ReplyAll's ownership and exclusive rights in the Mark.

14. Gimlet received actual notice from ReplyAll, on multiple occasions, informing Gimlet of ReplyAll's ownership and exclusive rights in the Mark; thus, providing Gimlet with actual knowledge as well.

15. ReplyAll started using the Mark in 2012. ReplyAll began actual and constructive use of the Mark in interstate commerce at least as early as August 1, 2012. Since that time, ReplyAll has been continuously using the Mark in commerce, in connection with its service of providing an on-line community for registered users to form groups and create publicly viewable conversations where group members are the only individuals who can contribute to the conversation.

16. The relevant consuming public has come to recognize and associate the Mark with ReplyAll as an indicator of the quality of services that are provided by ReplyAll. Consequently, the Mark has acquired a highly favorable reputation among the members of the relevant consuming public and has become a valuable symbol of ReplyAll's goodwill.

17. ReplyAll's Mark has achieved substantial recognition among the trade and consuming public. For example, popular websites such as Abovethelaw.com, *The Houston Chronicle*, and SBNation.com have used ReplyAll's services to share conversations with notable businessmen, entertainers, celebrities, authors, and the like.

18. On or about May 5, 2015, Abovethelaw.com used ReplyAll's services to host a conversation with billionaire entrepreneur Mark Cuban.

## Gimlet Media's Infringing Acts and Unlawful Practices

19. Upon information and belief, on or about November 6, 2014, Gimlet, without authorization or license from ReplyAll, began knowingly and willfully using the name "Reply All" in connection with entertainment services, namely, providing podcasts on the subject of the internet (the "Infringing Mark").

20. Upon information and belief, on or about February 13, 2015, Gimlet Media filed a U.S. trademark registration application with serial number 86534316 (the "Application") to register the trademark REPLY ALL in connection with entertainment services, namely, providing podcasts on the subject of the Internet.

21. In the Application, Gimlet claimed a date of first use in commerce of the Infringing Mark of November 6, 2014. Gimlet submitted a screenshot of the podcast's homepage as a specimen of such use.

22. Gimlet's use of the Infringing Mark was never authorized or approved by ReplyAll.

## The Mark and the Infringing Mark are Substantially and Confusingly Similar and Have Caused Actual Confusion

23. For several years prior to Gimlet's first use in commerce of the Infringing Mark and the filing of the Application, ReplyAll has been offering computer services, namely, creating an on-line community for registered users to form groups and create publicly viewable conversations where group members are the only individuals who can contribute to the conversation, in connection with the Mark in interstate commerce.

24. ReplyAll's well known Mark and Gimlet's nascent Infringing Mark are confusingly similar, as are their logo types, as used in commerce; compare:



and



25. ReplyAll's Mark, REPLYALL, and Gimlet's Infringing Mark, REPLY ALL, are nearly identical, and confusingly similar. Thus, Gimlet's use of the Infringing Mark is likely to be confusing to a substantial number of actual and potential customers, and is likely to cause them to be deceived and to erroneously assume that Gimlet's services are in some way connected with, sponsored by, or affiliated with ReplyAll, all to ReplyAll's detriment.

26. The design of ReplyAll's Mark, with an arrow on top of another arrow, and Gimlet's Infringing Mark, also with an arrow on top of another arrow, is nearly identical, and confusingly similar. The inclusion of the overlapping curved arrows demonstrates Gimlet's intent to palm off of the good will developed by ReplyAll with its Mark.

27. In addition to a likelihood of confusion, numerous instances of <u>actual confusion</u> have already occurred.

28. ReplyAll has received communications via platforms such as Twitter, Facebook, and LinkedIn indicating users' actual confusion about ReplyAll and the Infringing Mark.

ReplyAll's employees and agents have spent considerable time explaining to confused customers that there is no affiliation between ReplyAll and the podcast produced by Gimlet. In addition to the harm of having its employees and agents spend time attempting to dispel confusion, there is little chance that these explanations have resolved all of the confusion, even for customers who have contacted ReplyAll. Examples of instances of confusion include:



and



29. Additionally, ReplyAll has been victimized by misdirected correspondence and "tags" from consumers who confuse the Mark with the Infringing Mark. In each case, the misdirected

correspondences were a result of confusing the Mark with the Infringing Mark. Examples
of this confusion include:



and



30. ReplyAll provides a web-based service geared toward helping content creators share conversations with public figures, while only allowing group members to be engaged in the conversation (as opposed to a message board forum where anyone can participate). Gimlet, under the Infringing Mark, provides a series of podcasts, which are broadcast over the Internet at its website or can be downloaded from providers such as iTunes or SoundCloud. Like ReplyAll, Gimlet's primary outlet for its service is the Internet. Like ReplyAll, Gimlet provides services in the category of communication. Many consumers use the Internet to gain information and follow interesting topics and people. Both Gimlet and ReplyAll provide this service to their consumers.

**Gimlet Has Refused To Cease And Desist Despite Notice Of Confusion**

31. On or about November 15, 2014, ReplyAll became aware of Gimlet's use of the Infringing Mark.

32. On or about December 22, 2014, in an effort to protect ReplyAll's intellectual property and to avoid litigation, Abramowitz extended an offer of a license agreement.

33. Gimlet acted in bad faith in offering to sign a license agreement, and then retracting said offer after Abramowitz appeared on Gimlet's podcast.

34. On March 1, 2015, ReplyAll notified Gimlet of ReplyAll's ownership of the REPLYALL Mark and its prior common law rights in and to the REPLYALL Mark for offering computer services, namely, creating an on-line community for registered users to form groups and create publicly viewable conversations where group members are the only individuals who can contribute to the conversation. ReplyAll demanded that Gimlet immediately cease and desist from any and all use of the Infringing Mark. A true and correct copy of the March 1, 2015 letter is attached hereto as "**Exhibit B**."

35. On March 17, 2015, Gimlet sent a letter in reply to ReplyAll's cease and desist demand, in which Gimlet refused to acknowledge the actual and potential confusion, and refused to cease and desist use of the Infringing Mark. A true and correct copy of the March 17, 2015 letter is attached hereto as "**Exhibit C**."

36. Gimlet will continue to unlawfully use the Infringing Mark to promote and market its services unless enjoined by the Court. ReplyAll has no adequate remedy at law and injunctive relief, along with monetary damages, is therefore appropriate and warranted.

## COUNT I – FEDERAL TRADEMARK INFRINGEMENT

### (Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1))

37. ReplyAll hereby realleges and incorporates by reference the allegations of paragraphs 1 through 36 of this Complaint as if fully set forth herein.

38. ReplyAll's Mark is valid and subsisting, and is *prima facie* evidence of the validity of the REPLYALL Mark, of ReplyAll's ownership of the REPLYALL Mark, and of ReplyAll's

exclusive right to use the REPLYALL Mark for providing an on-line community for registered users to form groups and create publicly viewable conversations where group members are the only individuals who can contribute to the conversation. By virtue of this registration, the REPLYALL Mark is entitled to protection under the Lanham Act, 15 U.S.C. §§ 1051, *et seq*.

39. Gimlet's use of the confusingly similar Infringing Mark REPLY ALL for entertainment services, namely, providing podcasts on the subject of the internet is likely to cause confusion, mistake or deception as to the source or origin of Gimlet's services in that the trade and the consuming public are likely to believe that Gimlet's services are provided, sponsored, approved, or licensed by ReplyAll, or that ReplyAll is affiliated, associated, or otherwise legitimately connected with Gimlet.

## COUNT II - FALSE DESIGNATION OF ORIGIN

### (Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a))

40. ReplyAll hereby realleges and incorporates by reference the allegations of paragraphs 1 through 36 of this Complaint as if fully set forth herein.

41. Gimlet's conduct as described herein constitutes use of a false designation of origin and/or a false or misleading description or representation of fact on or in connection with its services which is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Gimlet with ReplyAll, and/or as to the origin, sponsorship, or approval of Gimlet's services, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Gimlet's conduct as described herein also constitutes an attempt to trade on the goodwill that ReplyAll has developed in the Mark, all to the damage of ReplyAll.

42. Defendant's use in commerce of a designation which is confusingly similar to the Mark, despite its having actual and constructive notice of ReplyAll's prior rights in into the Mark,

10

constitutes an intentional conduct by Gimlet to make false technicians of origin and false descriptions about its services in commercial activities.

43. Gimlet has caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage, and injury to ReplyAll.

**WHEREFORE**, ReplyAll prays that it be granted the following relief:

A. A preliminary and permanent injunction restraining and enjoining Defendant, its principals, officers, directors, agents, servants, and employees, as well as any successors and/or assigns of Defendant and all those acting in privity, concert, or participation with Defendant, from:

    i. Imitating, copying, duplicating, or otherwise making any use of the Infringing Marks or any other mark confusingly similar to the Mark, including, without limitation, the REPLY ALL Infringing Mark;

    ii. Advertising, marketing, promoting, distributing, offering for sale, or selling any product or service in connection with any copy or colorable imitation of the Mark;

    iii. Using any false designation of origin or false description which can or is likely to lead the trade or public, or individuals thereof, to mistakenly believe that any product or service advertised, promoted, offered, or sold by Gimlet is sponsored, endorsed, connected with, approved, or authorized by ReplyAll;

    iv. Causing likelihood of confusion or injury to ReplyAll's business reputation and to the distinctiveness of the Mark by unauthorized use of same, or any colorable imitation thereof;

    v. Operating any website or social media account associated with, linking to, transferring, selling, exercising control over, or otherwise owning any domain name or social media account, trademark, or service mark that incorporates, in whole or in part, the Mark or Infringing Mark;

    vi.  Engaging in any other activity constituting unfair competition or infringement of the

        Mark or ReplyAll's rights in, or to use, or to exploit same; or

B.  Assisting, aiding, or abetting another person or business entity in engaging in or performing

    any of the activities enumerated in paragraphs i through vi above.

C.  A finding that the acts of Gimlet constitute trademark infringement in violation of 15 U.S.C.

    § 1114(1);

D.  A finding that the acts of Gimlet constitute false designation of origin in violation of 15

    U.S.C. § 1125(a);

E.  A finding that the acts of Gimlet constitute trademark infringement in violation of the

    common law of the state of New York;

F.  A finding that the acts of Gimlet constitute unfair competition in violation of the common

    law of the state of New York;

G.  A finding that Gimlet's violations of ReplyAll's trademark rights, under 15 U.S.C. §§ 1114

    and 1125(a) and (d), are willful as a result of the actions complained of herein, and that this

    is an exceptional case pursuant to 15 U.S.C. § 1117(a);

H.  An award to ReplyAll of monetary damages in an amount to be fixed by the Court in its

    discretion as just, including all of Gimlet's profits or gains of any kind resulting from the

    actions complained of herein, said amount to be trebled, and exemplary damages in view of

    the intentional nature of the acts complained of herein, pursuant to 15 U.S.C. § 1117(a) and

    (b);

I.  An award to ReplyAll of its attorneys' fees and its costs and expenses of litigation, pursuant

    to 15 U.S.C. § 1117(a) and (b);

J.  An order requiring Gimlet and any principals, agents, servants, employees, successors, and

    assigns of and all those in privity or concert with Gimlet who receive actual notice of said

order, to deliver up for destruction all infringing products and all promotional, advertising, and any other printed materials and items of any kind bearing (1) the designation "ReplyAll"; and/or any other mark or design that is confusingly similar to the Mark;

K.  An order cancelling U.S. Trademark Registration 86534316; and

L.  Such other and further relief as the Court may deem just, proper, and equitable under the circumstances.

August 17, 2015                         Respectfully submitted,

**The Margolin & Weinreb Law Group, LLP**

By:  /s/ Alan H. Weinreb_____
Alan H. Weinreb, Esq. (AW 9361)
165 Eileen Way, Suite 101
Syosset, New York 11791
Telephone (516) 945-6055
Facsimile (516) 945-6056
alan@nyfclaw.com

**HEITNER LEGAL, P.L.L.C.**
*Attorney for Plaintiff Reply All Corp.*
1736 NE 7th Street
Fort Lauderdale, FL 33304
Phone:  954-558-6999
Fax:     954-927-3333

By:

DARREN A. HEITNER
Florida Bar No.: 85956
Darren@heitnerlegal.com
*Pro Hac Vice* pending

# EXHIBIT

# A



# ReplyAll

**Reg. No. 4,391,220**

**Registered Aug. 27, 2013**

**Int. Cl.: 42**

**SERVICE MARK**

**PRINCIPAL REGISTER**

REPLY ALL CORPORATION (NEW YORK CORPORATION)
630 W. 246TH ST. APT 434
BRONX, NY 10471

FOR: COMPUTER SERVICES, NAMELY, CREATING AN ON-LINE COMMUNITY FOR REGISTERED USERS TO FORM GROUPS AND CREATE PUBLICLY VIEWABLE CONVERSATIONS WHERE GROUP MEMBERS ARE THE ONLY INDIVIDUALS WHO CAN CONTRIBUTE TO THE CONVERSATION, IN CLASS 42 (U.S. CLS. 100 AND 101).

FIRST USE 7-15-2012; IN COMMERCE 8-1-2012.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SER. NO. 85-792,964, FILED 12-3-2012.

JENNIFER WILLISTON, EXAMINING ATTORNEY



Acting Director ofthe United States Patent and Trademark Office

15

<div style="border:1px solid black">

# REQUIREMENTS TO MAINTAIN YOUR
# FEDERAL TRADEMARK
# REGISTRATION

</div>

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

**Requirements in the First Ten Years\* What and When to File:**

***First Filing Deadline:*** You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1 14lk. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

***Second Filing Deadline:*** You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between the 9th and 10th years after the registration date.\*
*See* 15 U.S.C. §1059.

## Requirements in Successive Ten-Year Periods\* What and When to File:

You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.\*

## Grace Period Filings\*

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

---

**The United States Patent and Trademark Office (USPTO) will NOT send you any future notice or reminder of these filing requirements.**

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the USPTO. The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. *See* 15 U.S.C. §§1058, 114lk. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:   Fees and requirements for maintaining registrations are subject to change.
Please check the USPTO website for further information.   With the exception
of renewal applications for registered extensions of protection, you can file the
registration maintenance documents referenced above online at** http
://www.uspto.gov.

Page: 2 *I* RN # 4,391,220

# EXHIBIT

# B



Zach Abramowitz,
CEO Reply All
Corporation  630 W.
246th St. #434
Bronx, NY 10471

To: The American Podcasting Corporation

cc: Gimlet Media, Alex Blumberg, Matthew Lieber, Andrew McCormick

Re: Infringement of United States registered trademark 4391220 for the mark
"ReplyAll" (the "Mark")

We discovered on November 15, 2014 that you are using our Mark for your podcast Reply All.
As we  have discussed with you and your counsel by phone, Skype and email, your use of
Reply All infringes on  our Mark and is harming our brand.  Your use of Reply All infringes on
our mark for the following reasons:

1. We have registered ReplyAll with the United States Patent & Trademark Office,
   Register No.  4391220 on December 3, 2012.  As a matter of law, this trademark
   registrations is constructive  notice to your company of Reply All Corporation's
   rights in the marks.  You understand this and,  in fact, you recorded an entire podcast
   on the issue of avoiding trademark infringement when  naming a company.
2. Our use and registration of the Mark precede your use of the Mark.
3. Since, February 29, 2012 we have used the Mark to refer to a technology that allows
   content  creators to easily publish conversational content on the Internet, in particular
   use of the service at  www.replyall.me
4. Your product, a podcast, is also conversational content published online.  Internet
   companies like  Google, Facebook, Tumblr or BuzzFeed would not let you use their
   name for one of your  podcasts.  And the right to hold and defend a United States
   registered trademark is not the sole  privilege of giant corporations; small start-up
   companies have a right and a duty to protect their  brand from infringement, and you are
   infringing on our Mark and harming our brand.
5. Your infringement has caused confusion for many of our current customers as well as
   potential  customers.  Documentation of some, but not all, instances of those confusion
   are attached hereto  by email.  Such confusion represent only those specific instances
   where we saw experiences  actual confusion, but there are likely many more instances of
   which we are not currently aware.  Separately we have many more instances of our users
   & customers reporting confusion to us  directly.

We hereby demand for the second time that you immediately cease and desist from any and all
use of  Reply All in connection with any part of your business including, but not limited to,
names of podcasts,   website domains (including, but not limited to, replyall.fail,
replyall.diamonds), and any relating   merchandise, since such use constitutes an infringement
on our Mark and is harming our brand.  Please  be advised that we are ready to take all actions



including litigation to defend our rights in the Mark,   including your unlawful profit from our brand during the months of December 2014, January 2015 and  Feburary 2015.

Please consult with your counsel and execute the below letter indicating that you will cease and desist  from all use of the Mark and send a copy to me by email at zach@replyall.me.


Sincerely,
Zach Abramowitz
CEO, Reply All Corporation


(*Remainder of page intentionally blank*)



I, Matthew Lieber personally and on behalf of The American Podcasting Corporation, agree to immediately cease and desist from any and all further use of Reply All in conjunction with any part of our  business. In the event this agreement is breached by me or the American Podcasting Corporation, Reply   All Corporation shall be entitled to costs, attorney's fees, and collection costs related to any claims and/or  action brought to enforce this agreement and shall be free to pursue all rights it had as of the date of this  letter as if this letter had never been signed. I certify that I have the authority to enter into this agreement  on behalf of The American Podcasting Corporation.

The American Podcasting Corporation.


_____
By: Matthew Lieber
Dated:

# EXHIBIT

# C



**Douglas R. Wolf**
dougwolf@wolfgreenfield.com
direct dial 617.646.8260

**Anderson J. Duff**
aduff@wolfgreenfield.com
direct dial 617.646.8301

March 17, 2015

*VIA E-MAIL (zach@replyall.me)*

Zachary Abramowitz
Reply All Corporation
630 W. 246th Street, #434
Bronx, New York 10471

      Re:      Use of REPLY ALL for a Podcast
               <u>Our Ref. No.:  G0889.40001US00</u>

Dear Mr. Abramowitz:

We are in receipt of your March 1, 2015 letter to Gimlet Media, which we represent with respect to intellectual property matters.  As an initial matter, Gimlet Media respects the intellectual property of others.  It is a content creator and establishing intellectual property rights is important to the company.  After reviewing this matter, we fail to see any real risk of consumer confusion between the subject marks.

Both your federal trademark registration and your actual use of REPLYALL are for the digital equivalent of a membership-based bulletin board which at *replyall.me* is really for providing platforms for others to host their own social network for online discussions.  You are providing a business-to-business product and service rather than a general consumer product or service.

Our client, Gimlet Media, provides wholly discrete services under REPLY ALL such that no reasonable consumer would be confused.  Our client provides entertainment services, namely, podcasts.  Real world considerations aside, these services are distinct such that no risk of confusion is present.  In addition, we recognize the existence of third parties uses such as Federal Registration No. 4,691,484 for REPLY ALL, for, in part, "[p]roviding online non-downloadable comic strips and cartoons; providing on-line publications in the nature of comic strips and cartoons."  This registration demonstrates that your mark already does not control broadcasting entertainment content.  The Trademark Office allowed this application to register without reference to your registration.

The presence of this third-party registration not only demonstrates that our client's recited services are quite distant from your own, it illustrates the weakness of REPLY ALL as a

**Wolf, Greenfield & Sacks, P.C.**  |  600 Atlantic Avenue  |  BBoston, Massachusetts 02210-2206  617.646.8000  |  fax 617.646.8646  |  www.wolfgreenfield.com

**3958714.1**

23



Zach Abramowitz
March 17, 2015
Page 2

trademark for internet based services.  The term is, at best, highly suggestive to the extent it offers a way to reply to content.  The co-existence of your use of REPLYALL and this third party's use of REPLY ALL also indicates that consumers are not confused by the use of a similar  mark by two parties publishing non-downloadable text based content on the internet.

Finally, in actual practice, no reasonable consumer would be confused by our client's use  of REPLY ALL for its podcast.  Before viewing our client's REPLY ALL, consumers must first  navigate to *gimletmedia.com* where they immediately encounter our client's



.  To find  our client's REPLY ALL podcast, consumers must click on a tab titled

"shows" that is located to  the immediate right of our client's  .  Consumers visiting your website encounter

, which has a completely different look and feel.

Given the differences between the recited services, the actual services, the circumstances  in which consumers encounter each mark, and the presence of an established third party using an  identical mark, we see no reason that each party cannot continue operating under their respective  marks.  Any consumer confusion would hurt our client as well as you, and Gimlet Media has  worked diligently to develop goodwill in its various trademarks.  It would not purposefully use  an infringing trademark, and it would not continue using REPLY ALL as the title for its podcast  if a real risk of consumer confusion existed.

We trust this settles the matter.

Very truly yours,

WOLF, GREENFIELD & SACKS, P.C.

Douglas R. Wolf
Anderson J. Duff

DRW/AJD/smo
Enclosure

22