UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
REPLY ALL CORP.,                          :
                                          :
                    Plaintiff,            :
                                          :
            v.                            :      **MEMORANDUM & ORDER**
                                          :      15-CV-4950 (WFK) (PK)
GIMLET MEDIA, INC.,                       :
                                          :
                    Defendant.            :
---------------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge:**

In this trademark dispute, on April 5, 2021, the Court granted Gimlet Media, Inc.'s
("Defendant's") motion to recover attorney's fees and costs from Reply All Corp. ("Plaintiff")
and Plaintiff's counsel, Balestriere PLLC (d/b/a Balestriere Fariello) ("Plaintiff's Counsel" or
"the Firm"), holding, *inter alia*, Plaintiff and the Firm acted in bad faith. ECF No. 199 at 4, 8.
The Court referred the case to the Honorable Magistrate Judge Peggy Kuo for a calculation of
the reasonableness and amount of fees due to Defendants from Plaintiff and the Firm,
respectively. *Id.* at 9. On March 25, 2024, Judge Kuo awarded Defendant $1,071,981.00 in fees
allocated between Plaintiff and the Firm, and $13,585 in costs. ECF No. 232. Judge Kuo
ordered Plaintiff solely responsible for attorney's fees in the amount of $168,944.21, and
Plaintiff and the Firm jointly and severally liable for the remaining attorney's fees in the amount
of $903,036.79. *Id.* On April 8, 2024, the Firm timely filed its objections to Judge Kuo's
decision. ECF No. 233. For the following reasons, the Court OVERRULES the Firm's
objections, and AFFIRMS and ADOPTS Judge Kuo's decision in its entirety.

**BACKGROUND**

Reply All Corp. ("Plaintiff") filed a trademark suit against Gimlet Media, Inc.

("Defendant") on August 24, 2015. ECF No. 1. On February 12, 2020, the Court granted

Defendant's motion for summary judgment in its entirety and dismissed Plaintiff's Amended

Complaint. ECF No. 181. The Second Circuit affirmed this decision on February 19, 2021. ECF

No. 197. On April 5, 2021, the Court granted Defendant's motion to recover attorney's fees and

costs from Plaintiff and Plaintiff's counsel, Balestriere PLLC (d/b/a Balestriere Fariello)

("Plaintiff's Counsel" or "the Firm"), pursuant to 15 U.S.C. § 1117 and 28 U.S.C. § 1927. ECF

1

No. 199. The Court held, *inter alia*, Plaintiff and the Firm acted in bad faith by proceeding "with the sole aim of extracting a settlement" and "by bringing objectively unreasonable and frivolous claims" that "unduly multiplied the proceedings." *Id.* at 4, 8. The Court then referred the case to the Honorable Magistrate Judge Peggy Kuo for a calculation of the reasonableness and amount of fees due to Defendants from Plaintiff and the Firm, respectively. *Id.* at 9.

On March 25, 2024, Judge Kuo reduced the award Defendant sought from $1,575,819.00 to $1,071,981.00 in fees allocated between Plaintiff and the Firm, and $13,585 in costs. ECF No. 232 at 3, 13. As for apportionment, Judge Kuo ordered Plaintiff solely responsible for attorney's fees in the amount of $168,944.21, and Plaintiff and the Firm jointly and severally liable for the remaining attorney's fees in the amount of $903,036.79. *Id.* at 13. On April 8, 2024, the Firm timely filed its objections to Judge Kuo's decision. ECF No. 233.[1] On April 22, 2024, Plaintiff and Defendant each filed responses in opposition to the Firm's objections. ECF Nos. 235, 236. The Court permitted the Firm to file a reply to the responses by Plaintiff and Defendant, which the Firm did on May 6, 2024. ECF No. 239.

## DISCUSSION

### I.    Standard of Review

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties must serve and file any written objections to the magistrate judge's decision within fourteen days of being served with a copy of such proposed findings and recommendations. *Id.* A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* Objections must be "specific and are to

---

[1] The Firm also filed a sealed, unredacted version of its objections on April 9, 2024. *See* ECF No. 234.

address only those portions of the proposed findings to which the party objects." *Phillips v. Reed Grp., Ltd.*, 955 F. Supp. 2d 201, 211 (S.D.N.Y. 2013) (Owen, J.) (internal quotation marks and citation omitted). "Where 'the objecting party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the report and recommendation strictly for clear error.'" *Norman v. Metro. Transp. Auth.*, 13-CV-1183, 2014 WL 4628848, at *1 (E.D.N.Y. Sept. 15, 2014) (Matsumoto, J.) (quoting *Zaretsky v. Maxi-Aids, Inc.,* 10-CV-3771, 2012 WL 2345181, at *1 (E.D.N.Y. June 18, 2012) (Feuerstein, J.)).

## II.    Analysis
### A. Apportionment

The Firm objects to Judge Kuo's holding that Plaintiff and the Firm are jointly and severally liable for attorney's fees. ECF No. 233 at 18. The Court agrees with Judge Kuo.

#### i.    *Bad Faith*

In its objection, the Firm argues Judge Kuo's determination was "not appropriate" because she improperly relied on the decision in *Viola Sportwear, Inc. v. Mimun*, 574 F. Supp. 619, 621 (E.D.N.Y. 1983) (Glasser, J.). ECF No. 233 at 18. In particular, the Firm argues *Viola Sportswear* should not govern because "[t]he counsel in *Viola* may have clearly acted in bad faith, but the record shows that [the Firm] clearly acted in good faith." *Id.* at 19. In its reply, the Firm again raises the issue, arguing "[t]here is ample evidence of the Firm's good faith." ECF No. 239 at 10. However, the Court, in its decision to award attorney's fees, already found "Plaintiff's counsel proceeded in bad faith by bringing objectively unreasonable and frivolous claims." ECF No. 199 at 8. In reaching its finding of bad faith on the part of the Firm, the Court also noted the Firm's attempt to "extort a nuisance settlement from Defendant by advancing

3

unsubstantiated and legally incognizable damages theories" that "unduly multiplied the proceedings and forced [Defendant] to expend significant resources." *Id.*

Furthermore, Judge Kuo's citation to *Viola Sportswear* is appropriate because, in that case, Judge I. Leo Glasser found the conduct of plaintiff and its counsel during litigation served to "multiply proceedings unreasonably and vexatiously," particularly noting that plaintiff counsel's arguments "can hardly be said to be well grounded in fact and can appropriately be characterized as a charge that is frivolous." 574. F Supp. at 621. The Court disagrees with the Firm's claim that their actions "here are completely different" than that of plaintiff's counsel in *Viola Sportswear*. ECF No. 233 at 19. While the exact form of vexatious tactics may differ between plaintiff's counsel in *Viola Sportswear* and the Firm, both parties proceeded in bad faith. As in *Viola Sportswear*, such conduct here justifies a finding of joint and several liability.

Moreover, as Judge Kuo noted: "On May 11, 2021, Plaintiff filed a letter notifying the Court that '[n]either Reply All Corp. nor its counsel intends to move for reconsideration' of the Court's Decision and Order on Defendant's motion for attorneys' fees." ECF No. 232 at 2 (quoting ECF No. 203). The Firm had an opportunity to move for reconsideration and chose not to do so. *See* ECF No. 202 (granting the Firm's request for an extension of time to file motion for reconsideration); ECF No. 203 (writing the Firm and Plaintiff no longer intended to move for reconsideration). The Court rejects the Firm's attempt to use its objections and reply to Judge Kuo's decision as a back-door to reconsider the Court's bad faith holding. *See Russ. Sch. of Mathematics, Inc. v. Sinyavin*, 23-CV-08103, 2024 WL 292277, at *2 n.1 (S.D.N.Y. Jan. 25, 2024) (Halpern, J.).

4

ii.    *Indivisibility of harm*

In arguing against joint and several liability, the Firm also states "the harm is divisible." ECF No. 233 at 19.  According to the Firm, it "can only be liable for conduct that aggravated the amount of fees accrued by Gimlet, because that is an amount that may be determined" and that it "did not aggravate the litigation beyond the litigation and settlement strategy which ReplyAll dictated and, since the Firm thought the claims had merit, the Firm was obligated to follow." *Id.* at 20.  The Court disagrees with the Firm and holds Judge Kuo's decision struck the appropriate balance in ordering the Firm jointly and severally liable for $903,036.79 in attorney's fees.

The Firm is correct that, under state law, "members of a corporation could not be held jointly liable for the entire damages where the court was able to determine the proportions in which the defendants profited from seizure of a corporation's shares." *Id.* at 19 (citing *Bonanni v. Horizons Invs. Corp.*, 179 A.D.3d 995 (2d Dep't 2020).  Although not bound by the state court decision in *Bonanni*, the Court finds the case illustrative.  In *Bonnani*, the Second Department, Appellate Division agreed with the lower court's "determination to divide the defendants' liability . . . in proportion to their shares in [the company]." *Bonanni*, 179 A.D.3d at 1003.  In contrast, in the instant case, there is no clear divisible economic gain or interest by which Judge Kuo (or any judge) could rely on to divide liability proportionally between Plaintiff and the Firm. To state the obvious, Plaintiff and the Firm are not co-owners with respective shares of a corporate entity involved in the litigation, as was the case in *Bonanni*.

The Court agrees with Judge Kuo's decision to hold Plaintiff "exclusively responsible for attorneys' fees that were incurred while it was represented by prior counsel." ECF No. 232 at 11.  However, once Plaintiff engaged the Firm for legal services, the harm became indivisible between Plaintiff and the Firm.  As the *Bonanni* court noted, "when two or more tortfeasors act

5

concurrently or in concert to produce a single injury, they may be held jointly and severally liable." *Bonanni*, 179 A.D.3d at 1002 (internal citation and quotation marks omitted). Both Plaintiff and the Firm played significant and intermingled roles in vexatiously propelling forward the litigation and unduly multiplying the proceedings. As Judge Kuo noted, "Plaintiff further asserts that the Firm threatened to bring a new lawsuit against Defendant's parent corporation, Spotify, counseled Plaintiff to manufacture a shareholder derivative lawsuit, and amended the complaint to add new claims and theories. [Plaintiff] argues that much of this behavior was driven by the Firm's fee arrangement with Plaintiff, which entitled the Firm to greater fees if a new suit was filed and tried." ECF No. 232 at 12.[2] On the other hand, "[t]he Firm asserts that it properly advised Plaintiff throughout the case and encouraged Plaintiff to settle to avoid the risks of trial." *Id.* Neither Plaintiff nor the Firm can escape responsibility.

The Court agrees with Judge Kuo: "Despite the extensive finger-pointing and mutual accusations, [the Court is] unable to determine the respective degrees of culpability of Plaintiff and the Firm for Defendant's fees incurred during the Firm's representation of Plaintiff." *Id.* at 13. Moreover, as Judge Kuo wrote, "it is also not possible to correlate the amount of work done by Defendant's Counsel to the decisions made by Plaintiff or Plaintiff's Counsel." *Id.* Therefore, holding Plaintiff and the Firm jointly and severally liable is necessary to avoid the "exercise of examining nesting dolls of litigation," particularly where both Plaintiff and the Firm played significant concurrent roles in aggravating the litigation to a vexatious terminus. *Id.*

---

[2] The Court previously found the Firm's actions "unduly multiplied the proceedings and forced Gimlet to expend significant resources, for example, by: hiring its own damages experts to rebut Plaintiff's baseless claims, . . . filing two summary judgment motions regarding damages, . . . filing a *Daubert* motion to preclude the testimony of Plaintiff's expert relating to the reasonable royalties, . . . and filing a motion in *limine* to exclude damage contentions and related evidence not disclosed during discovery or the Pretrial Order." ECF 199 at 8.

The Firm also argues Judge Kuo failed to take into account the ability of the firm to pay, which it argues is relevant under 28 U.S.C. § 1927. ECF No. 233 at 24. However, as the Firm points out, "Courts have in their discretion in choosing whether to apportion costs and fees across parties based on factors, such as the percentage of settlement paid by each party or the ability of parties to pay." *Id.* (citing *Soler v. G & U, Inc.*, 801 F. Supp. 1056, 1067 (S.D.N.Y. 1992) (Tenney, J.)). Judge Kuo was within her discretion to award this amount, and the Firm will have an ability to make arguments about its financial position in its discussions with Plaintiff about apportionment.

**B. Award Amount**

In its reply, the Firm argues the amount awarded by Judge Kuo is too high in terms of supposed procedural requirements and in comparison to amounts awarded in other cases. The Firm argues Judge Kuo's decision amounts to a "punitive sanction" warranting "procedural protections appropriate to a criminal case." ECF No. 239 at 7 (citing *Liebowitz v. Bandshell Artist Mgmt.*, 6 F.4th 267, 285 (2d Cir. 2021)). The Firm's citation to *Liebowitz* undermines its own argument because the Second Circuit in *Liebowitz* affirmed the district court's imposition of sanctions and attorney's fees "[g]iven [counsel's] serious and repeated misconduct." *Liebowitz*, 6 F.4th at 293 (rejecting the law firm's argument that the court impermissibly failed to afford the protections of criminal procedure for its punitive sanctions). Moreover, the Firm's citation to *Liebowitz* is unpersuasive because, unlike in *Liebowitz*, the Court in the instant case did *not* impose on the Firm punitive sanctions in excess of attorney's fees and costs.

The Firm continues in its reply by citing cases which supposedly indicate courts do not impose awards in the amount at issue here. ECF No. 239 at 7-8. The Firm misconstrues the

7

determination of attorney's fees and costs.  There is no arbitrary upper limit.  Rather, "[the Second Circuit] and the Supreme Court have held that the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case—creates a 'presumptively reasonable fee.'" *Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (citing *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 183 (2d Cir. 2008) and *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553 (2010)).

Judge Kuo correctly applied the lodestar method, as done so by courts in the cases cited by the Firm.  In *Alcon Vision, LLC v. Lens.com*—the case cited by the Firm with the highest award at $227,065.10—the court found reasonable 639.62 hours at a blended $355 hourly rate for all attorney and paralegal work.  *Alcon Vision, LLC v. Lens.com, Inc.*, 18-CV-407, 2023 WL 8072507, at *9 (E.D.N.Y. Nov. 21, 2023) (Gershon, J.); *see also* ECF No. 239 at 7.  In the instant case, Judge Kuo found 3,089.28 hours reasonable at hourly rates of $600 for partners, $400 for senior associates, $300 for junior associates and $100 for paralegals.  ECF No. 232 at 6, 10.  The Court finds the rates between *Alcon Vision* and the instant case are within an acceptably similar range, with the award difference largely explained by the difference in hours:  the hours in the instant case are nearly five times greater than those in *Alcon Vision*.  Moreover, Judge Kuo's finding on hours is reasonable given it covers a period of active "litigation last[ing] nearly six years."  ECF 232 at 7.  The significant difference in hours is evident across the other cases cited by the Firm as well.  *See, e.g., Ke v. J R Sushi 2 Inc.*, 19-CV-7332, 2024 WL 1891195, at *7 (S.D.N.Y. Apr. 30, 2024) (Moses, Mag.) (finding reasonable 88.9 hours for a total award of $26,152.50); *Rasmy v. Marriott Int'l, Inc.*, 16-CV-4865, 2024 WL 1676357, at *3 (S.D.N.Y. Apr. 18, 2024) (Rakoff, J.) (finding reasonable 174.4 hours for trial preparation and 25 hours for motion litigation for a total award of $79,832.10).

Judge Kuo not only correctly applied the lodestar method, but also reduced the award amount requested by Defendant by nearly half a million dollars. *Compare* ECF No. 232 at 3 ("Defendant seeks an award . . . in the amount of $1,575,819.00.") *with id.* at 13 ("Defendant is awarded . . . a total award of $1,085,566.00"). Judge Kuo did so by rejecting defense counsel's higher out-of-district rates and reducing the number of compensable hours due to defense counsel's use of block billing over large amounts of time. *Id.* at 6, 9-10. And, as previously noted, Judge Kuo also excused the Firm from payment of any "fees that Defendant accrued before the Firm began representing Plaintiff," which accounted for 15.76% of the total fees. *Id.* at 11. Therefore, the Court finds Judge Kuo correctly calculated the reasonable amount of attorney's fees and costs.

## C. Hearing

The Firm objects to Judge Kuo's decision not to hold an evidentiary hearing following the parties' full briefing on the issue of attorney's fees and costs. ECF No. 233 at 21. The Court agrees with Judge Kuo's decision and finds such a hearing unnecessary.

As the Firm notes, pursuant to 28 U.S.C. § 636(b), a district court "*may* [] designate a magistrate judge to conduct hearings, including evidentiary hearings." *See* ECF No. 233 at 21 (emphasis added). Nonetheless, this Court did not designate Judge Kuo to conduct such a hearing. Instead, the Court "refer[red] this case to the Honorable Magistrate Judge Peggy Kuo for a calculation of the reasonableness and amount of fees due to Defendants, from Plaintiff and Plaintiff's counsel, respectively." ECF No. 199 at 9. Such a calculation does not require a hearing.

In the cases cited by the Firm, ECF No. 233 at 21-22, the court ordered the magistrate judge to either hold a hearing or do so if requested by defendant's counsel, *see Indep. Living*

9

*Aids, Inc. v. Maxi-Aids, Inc.*, 208 F. Supp. 2d 387, 393-94 (E.D.N.Y. 2002) (Spatt, J.) (ordering the magistrate judge "to hold a hearing on the issue"); *Alkoff v. Gold*, 702 F. Supp. 429, 432 (1988) (Owen, J.) (ordering, "[i]f requested by defendant's counsel, a hearing will be held"); *Viti v. Guardian Life Ins. Co. of America*, 817 F. Supp. 2d 214, 218 (E.D.N.Y. 2011) (McMahon, J.) (ordering "[t]he matter is referred to The Hon. Michael A. Dolinger, U.S.M.J., for a hearing"). The Court included no such directions in its order referring the case to Judge Kuo.

Moreover, "[w]hen making a fee award, the Court may evaluate the record to determine the appropriate fee amount; it need not hold an evidentiary hearing on the issue." *Greenidge v. Mundo Shipping Corp.*, 60 F. Supp. 2d 10, 13 (E.D.N.Y. 1999) (Block, J.) (citing *Walz v. Town of Smithtown*, 46 F.3d 162, 170 (2d Cir. 1995); *see also Banus v. Citigroup Glob. Mkts., Inc.*, 757 F. Supp. 2d 394, 400 (S.D.N.Y. 2010) (Kaplan, J.) ("The opportunity to be heard does not require a full evidentiary hearing, and being afforded the opportunity to respond by brief or oral argument may be sufficient.") (citing *In re 60 East 80th Street Equities, Inc.*, 218 F.3d 109, 117 (2d Cir. 2000)).

In making her determination, Judge Kuo had before her a fully briefed record encompassing separate briefs from Defendant, Plaintiff, and the Firm. *See* ECF Nos. 210, 215, 226. Relevant to the Firm's objections, this included Plaintiff's 21-page memorandum of law filed with two declarations by its founders and 10 exhibits, ECF Nos. 215, 215-1 – 215-12, and the Firm's 20-page memorandum of law filed with a declaration from the partner on the case, ECF Nos. 226, 226-1, and one exhibit, ECF No. 214-2. The Firm was also permitted to file a sur-reply after it stated "the Firm did not otherwise have an opportunity to complete the factual record in response to these allegations" because Plaintiff and the Firm "simultaneously submitted their oppositions." ECF No. 220 at 1.

Based on the comprehensive record before her, Judge Kuo was able to sufficiently calculate the reasonableness and amount of attorney's fees and costs due, including holding Plaintiff and the Firm jointly and severally liable. The Court finds it highly unlikely that a hearing would have produced a different result. Furthermore, a hearing would have unnecessarily prolonged this trademark dispute, which the parties began litigating almost nine years ago and in which the Court granted summary judgment over four years ago. *See also Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) ("A request for attorney's fees should not result in a second major litigation."). In its objections, the Firm stated it intended to use a hearing before Judge Kuo to address liability and "examine the Firm's good faith." ECF No. 233 at 23. As previously discussed, the Firm's bad faith conduct is a settled issue. Therefore, a hearing would have enabled the Firm's pattern of unduly multiplying the proceedings.

The Firm is misguided in its claim that the lack of a hearing "effectively prevented the Firm from having the opportunities afforded to parties under [the Federal Rules of Civil Procedure] Rule 11's safe harbor provision by waiting until the case was completely over to pursue 28 U.S.C. § 1927 sanctions." ECF No. 239 at 11. Rule 11 and § 1927 each have a "remarkably different history" with their own distinct purposes and analyses. *U.S. v. Int'l Bhd. of Teamsters*, 948 F.2d 1338, 1343 (2d Cir. 1991). As the Second Circuit noted, "Rule 11 may not be employed to sanction obnoxious *conduct* during the course of the litigation; whereas § 1927 applies to the unreasonable and vexatious multiplication of court proceedings." *Id.* at 1346. Rule 11 would not have fully captured the Firm's cumulative conduct over the course of the litigation. The Firm, along with Plaintiff and Defendant, each had an opportunity to brief their arguments to Judge Kuo—and did so—regarding years of litigation conduct without the need for further unnecessary delay occasioned by a hearing.

11

In its reply, the Firm states the lack of a hearing and Judge Kuo's decision could "cause a chilling effect on counseling which lawyers provide to their clients." ECF No. 239 at 13. If the Court's affirmance of Judge Kuo's decision has the effect of chilling unreasonable and vexatious counseling, then so be it. Pursuant to 15 U.S.C. § 1117 and 28 U.S.C. § 1927, the Court will have done its job to not only compensate Defendant for reasonable attorney's fees and costs incurred because of the conduct by Plaintiff and the Firm, but also to "deter future misbehavior, protect other litigants, and maintain the integrity of the judicial system." *Liebowitz v. Bandshell Artist Mgmt.*, 6 F.4th 267, 285 (2d Cir. 2021).

## CONCLUSION

Upon a careful review of Judge Kuo's decision and the Firm's objections filed thereto, and for the foregoing reasons, the Court finds no error in Judge Kuo's decision. Accordingly, the Court AFFIRMS and ADOPTS Judge Kuo's decision in its entirety, ECF No. 232, and OVERRULES the Firm's objections, ECF Nos. 233, 234, 239. As Judge Kuo held, Defendant is awarded $1,071,981.00 in attorney's fees, and $13,585.00 in costs, for a total award of $1,085,566.00. Plaintiff solely is responsible for attorney's fees in the amount of $168,944.21, while both Plaintiff and the Firm are jointly and severally liable for the remaining attorney's fees in the amount of $903,036.79.

SO ORDERED.

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: May 23, 2024
    Brooklyn, New York

12