```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
REPLY ALL CORP.,                            :
                                            :
                Plaintiff,                  :
                                            :
        v.                                  :     MEMORANDUM & ORDER
                                            :     15-CV-4950 (WFK) (PK)
GIMLET MEDIA, INC.,                         :
                                            :
                Defendant.                  :
------------------------------------------------------------X
```

**WILLIAM F. KUNTZ, II, United States District Judge:**

On March 25, 2024, Magistrate Judge Peggy Kuo issued a decision awarding Gimlet Media, Inc. ("Defendant") attorney's fees and costs from Reply All Corp. ("Plaintiff") and Plaintiff's counsel, Balestriere PLLC (d/b/a Balestriere Fariello) ("the Firm"). ECF No. 232. On May 23, 2024, the Court affirmed and adopted Judge Kuo's decision in its entirety. ECF No. 240. On June 6, 2024, the Firm timely filed a motion asking this Court to reconsider its decision. ECF Nos. 243, 244. For the reasons stated below, the Firm's motion for reconsideration is DENIED.

## BACKGROUND

The Court assumes the parties' familiarity with the underlying facts of this action. *See* ECF No. 240 at 1-2.

The Firm filed a letter on June 4, 2024 requesting permission to file a motion for reconsideration of the Court's May 23, 2024 Memorandum and Order, which held: (1) Defendant is awarded $1,071,981.00 in attorney's fees, and $13,585.00 in costs, for a total award of $1,085,566.00; and (2) Plaintiff solely is responsible for attorney's fees in the amount of $168,944.21, while both Plaintiff and the Firm are jointly and severally liable for the remaining attorney's fees in the amount of $903,036.79. ECF No. 241. That same day, the Court granted the Firm's request to file a motion for reconsideration and set a briefing schedule. ECF No. 242. The Firm timely filed its motion for reconsideration and accompanying memorandum of law pursuant to Local Civil Rule 6.3. Balestriere Fariello's Notice of Mot. for Recons. and Mem. of

1

Law in Support of its Mot. for Recons. ("Mem.") ECF Nos. 243, 244.[1] Plaintiff and Defendant filed separate opposition briefs on June 13, 2024. Reply All's Opp'n to Mot. for Recons. ("Pl. Opp'n"), ECF Nos. 245, 247, 248;[2] Gimlet's Response to Mot. for Recons. ("Def. Opp'n"), ECF No. 246. The Firm filed its reply brief on June 20, 2024. Balestriere Fariello's Reply in Further Support of Mot. for Recons. ("Reply Mem."), ECF Nos. 249, 250.[3]

## DISCUSSION

### I. Legal Standard

"[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). In this district, motions to reconsider are made under Local Civil Rule 6.3. *See* Local Civil Rule 6.3. The Second Circuit has made clear, "[t]he standard for granting [a motion to reconsider] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader*, 70 F.3d at 257. "[A] motion for reconsideration is 'not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple[.]'" *Media Glow Digit., LLC v. Panasonic Corp. of N. Am.*, 16 Civ. 7907, 2019 WL 2281375, at *1 (S.D.N.Y. May 29, 2019) (Keenan, J.) (quoting *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks omitted)); *see also Stone*

---

[1] The Firm filed a motion for leave to electronically file its motion for reconsideration under seal, ECF No. 243, which the Court granted, Minute Entry on June 6, 2024. The Firm filed its motion and accompanying memorandum of law under seal at ECF No. 244.

[2] Plaintiff filed a motion for leave to electronically file its opposition brief under seal, ECF No. 245, which the Court granted, Minute Entry on June 13, 2024. Plaintiff filed a sealed, unredacted version of its brief at ECF No. 247 and an unsealed, redacted version at ECF No. 248.

[3] The Firm filed a motion for leave to electronically file its reply brief under seal, ECF No. 249, which the Court granted, Minute Entry on June 20, 2024. The Firm filed its reply brief under seal at ECF No. 250.

*v. Theatrical Inv. Corp.*, 80 F. Supp. 3d 505, 506 (S.D.N.Y. 2015) (Engelmayer, J.) (stating that a motion for reconsideration "is neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced." (quoting *Associated Press v. U.S. Dep't of Def.*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005) (Rakoff, J.)). Instead, "reconsideration is appropriate only when the moving party identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Stone*, 80 F. Supp. 3d at 506 (cleaned up). The decision whether to grant or deny a motion for reconsideration lies squarely within the discretion of the district court. *See Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 132 (2d Cir. 1999).

## II. Analysis

The Firm moves for reconsideration of the Court's decision on May 23, 2024 based on two alleged issues: (1) a lack of cooperation between the Firm and Plaintiff; and (2) Plaintiff's "functionally defunct" status. Mem. at 4. The Court finds neither alleged issue warrants reconsideration of its decision.

### A. Alleged Lack of Cooperation Between the Firm and Plaintiff

The Firm argues "[r]econsideration is warranted because the Firm's ability to pay is a relevant consideration and the undisputed record evidence shows that there will not be a constructive discussion between the Firm and [Plaintiff] (which pursuant to its engagement letter is supposed to indemnify the Firm) regarding apportionment." *Id.* at 6. Specifically, the Firm states the Firm and Plaintiff "have not worked together" and "have been only at odds" since the Court's initial order granting attorney's fees on April 5, 2021. *Id.*

The Court agrees with Defendant that "the Court was well aware that the Firm and [Plaintiff] are not cooperating" when the Court affirmed and adopted Judge Kuo's decision. Def. Opp'n at 2 (internal quotation marks omitted). In fact, in describing the lack of cooperation in its motion for reconsideration, the Firm cites to the record *that was before the Court and Judge Kuo*. For example, the Firm: (1) quotes from Plaintiff's September 10, 2021 response to Defendant's memorandum of law in support of attorney's fees; (2) cites to the Firm's April 8, 2024 objection to Judge Kuo's decision on attorney's fees; and (3) quotes from Plaintiff's April 22, 2024 memorandum of law in opposition to the Firm's objection. Mem. at 7. Additionally, when referencing "contrasting statements about the settlement discussions," the Firm cites to a declaration Plaintiff included in its response brief dated September 10, 2021. *Id.*

The Court is keenly aware of the friction between the Firm and Plaintiff because, as the Firm's references show, the parties previously raised these disagreements. In its May 23, 2024 decision, the Court agreed with Judge Kuo's description of "the extensive finger-pointing and mutual accusations" between the Firm and Plaintiff. ECF No. 240 at 6 (quoting ECF No. 232 at 13). The high volume of recriminations was a significant factor in the Court's decision to adopt Judge Kuo's finding of joint and several liability between the Firm and Plaintiff. The Firm's statement that "[Plaintiff] and the Firm have argued that the other party bears all responsibility for any sanction" is not new or overlooked information. Mem. at 7. Judge Kuo and this Court have been aware of the lack of cooperation between the Firm and Plaintiff for several years now, and it does not "alter the conclusion reached by" the Court in awarding attorney's fees. *Shrader*, 70 F.3d at 257.

### B. Plaintiff's Allegedly Defunct Status

After claiming with certainty that "[Plaintiff] will not come to any agreement with the Firm regarding" payment of the attorney's fees award, the Firm argues "[t]he Court respectfully overlooked that, in the unlikely case [Plaintiff] completely changes its position and will work with the Firm to pay" the award, "all record evidence points to [Plaintiff] having no assets that it could contribute to any sanctions payment." Mem. at 8. Citing to the record before Judge Kuo, the Firm notes Plaintiff was "winding down," "would likely be closing," and had "begun the process of retaining bankruptcy counsel" as support for the assumption that Plaintiff is a "[d]efunct [c]ompany" and "not able to pay any sanction." Mem. at 8-9. This means, according to the Firm, "Spotify will only be able to seek relief from the Firm, seriously undermining the Firm's ability to continue to represent its clients." Mem. at 9.

Defendant argues the Firm raised the same argument in its objection to Judge Kuo's decision when the Firm requested a reduction in its liability because of its inability to pay the full award. Def. Opp'n at 3 (citing the Firm's objections at ECF No. 233 at 19). Defendant is correct. The Court was aware of and noted the Firm's "financial position" in its May 23, 2024 decision. ECF No. 240 at 7. The Court rejects the Firm's attempt to use its motion for reconsideration as "a vehicle for relitigating old issues . . . or otherwise taking a second bite at the apple." *Media Glow Digit., LLC*, 2019 WL 2281375, at *1 (quoting *Analytical Survs., Inc.*, 684 F.3d at 52) (internal quotation marks omitted).

On reply, the Firm argues the Court previously addressed only the Firm's ability to pay and "not at all [Plaintiff's] *inability* to pay." Reply Mem. at 7. To the extent the Firm is raising a new argument regarding Plaintiff's operating status, the Firm could have done so previously. *See Associated Press*, 395 F. Supp. 2d at 19 ("[T]he Department's motion simply rehashes three

5

arguments previously rejected and adds a fourth, new argument that, having not been previously advanced, has now been waived."). In its motion for reconsideration, the Firm argues Plaintiff is defunct by citing only to prior briefing in this case. Mem. at 8 (citing Plaintiff's declarations filed on September 10, 2021). Plaintiff correctly argues the Firm "did not raise any issues related to [Plaintiff's] operating status or financial condition at any previous point, and cannot do so now" by relying on information available to it years ago. Pl. Opp'n at 4 (citing *City of Austin Police Ret. Sys. v. Kinross Gold Corp.*, 957 F. Supp. 2d 277, 315 (S.D.N.Y. 2013) (Engelmayer, J.) ("[A] party is barred from making for the first time in a motion for reconsideration an argument it could readily have raised when the underlying issue was being briefed but chose not to do so.") (internal citation and quotation marks omitted)).

## CONCLUSION

Based on the foregoing reasons, the Court DENIES the Firm's motion for reconsideration and request for oral argument. Mem., ECF No. 244. The Court also DENIES Defendant's motion for additional attorney's fees raised in its opposition brief to the Firm's motion for reconsideration. Def. Opp'n at 3.

SO ORDERED.



s/ WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: July 29, 2024
      Brooklyn, New York