# AMINI LLC

**Jeffrey Chubak**  
MEMBER NY & NJ BARS

212.497.8247  
jchubak@aminillc.com

April 2, 2025

**By ECF**

Hon. William F. Kuntz, II  
U.S. District Court for the Eastern District of New York  
225 Cadman Plaza East  
Brooklyn, NY 11201

Re:   Reply All Corp. v. Gimlet Media, Inc., 1:15-cv-04950-WFK-PK (E.D.N.Y.)  
      Request for Leave to File Motion to Extend Duration of Execution Levy

Dear Judge Kuntz:

We represent the defendant-judgment creditor ("Gimlet") in relation to post-judgment enforcement proceedings herein and write to request leave to file a motion to extend the duration of its execution levy on the contingency fee of judgment debtor Balestriere PLLC d/b/a Balestriere Fariello ("Balestriere PLLC") in the action Lawson et al v. Rubin et al E.D.N.Y. 17-cv-06404-BMC ("Rubin Action").[1]

At Gimlet's direction, in March 2025, Marshal Biegel levied on Balestriere PLLC's contingency fee in the Rubin Action by service of an execution under CPLR 5232(a), made applicable by FRCP 69(a)(1), on both Howard Rubin, the defendant in that action, and Brittany Hassen, one of the plaintiffs.

The execution levy is valid. Mr. Rubin is presently indebted to Balestriere PLLC under CPLR 5201(a) for attorneys' fees awarded by the Amended Rubin Judgment. Notwithstanding that there has not been a recovery on said judgment yet, because the appeal has been bonded, Ms. Hassen's contingent liability to Balestriere PLLC constitutes leviable property under CPLR 5201(b).

---

[1] Balestriere PLLC, which is "in dissolution and has terminated its operations" (Rubin Action ECF #455-1), was plaintiffs' counsel in the Rubin Action, a contingency case in which the plaintiffs were awarded (Rubin Action ECF #467, "Amended Rubin Judgment") $3.85 million in compensatory and punitive damages following a jury trial, and $4.83 million in attorneys' fees. *See also* 2025 WL 510017 (attorneys' fee decision). Rubin appealed (Rubin Action ECF #443, #478) and bonded (Rubin Action ECF #414, #479) both the compensatory and punitive damages award and the attorneys' fee award. The former appeal is scheduled to be argued on Tuesday, April 8, 2025. (2d Cir. Case 24-2018 ECF #81.1.) Pursuant to Balestriere PLLC's engagement terms (Rubin Action ECF #453-2, #453-1 ¶42), the firm is entitled to 40% of compensatory and punitive damages awarded or attorneys' fees awarded, and presumably has elected or will elect the latter.

Hon. William F. Kuntz, II
April 2, 2025
Page 2

*JPMorgan Chase Bank, N.A. v. Motorola, Inc.*, 47 A.D.3d 293, 302-03 (1st Dep't 2007) (citing *ABKCO Indus. v. Apple Films*, 39 N.Y.2d 670 (1976)).

However, under CPLR 5232(a), the execution levy is only valid for ninety days. The motion which Gimlet seeks leave to file asks to extend the execution levy until sixty days after the Second Circuit appeal of the compensatory and punitive damages award has been determined, or alternatively to October 31, 2025.

The motion is unopposed by Balestriere PLLC which advised yesterday that it "does not take a position with regards to your application provided that you serve notice of your application on any Balestriere Fariello creditors." We agreed to do so, notwithstanding that they are not parties to this action, and propose to serve the motion papers by certified mail return receipt requested (an acceptable method of serving a person or entity that may have an interest in property that is the subject of an enforcement proceeding, under CPLR 5225 and 5227) and email to the list of creditors Balestriere PLLC furnished to us at noon today.

Given that Balestriere PLLC does not oppose the relief sought, we do not believe a scheduling order (under Individual Rule III.E.1) is required, and seek leave to make the motion so that we can serve the motion papers on potentially interested parties forthwith and give Balestriere PLLC creditors reasonable opportunity to intervene.

We thank the Court for its attention to this request.

Respectfully submitted,

/s/ Jeffrey Chubak

cc: counsel of record