Jeffrey Chubak
Amini LLC
131 West 35th Street
12th Floor
New York, NY 10001
(212) 490-4700
jchubak@aminillc.com
Attorneys for Defendant-Judgment Creditor

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| REPLY ALL CORP. | 1:15-cv-04950-WFK-PK |
| --- | --- |
| Plaintiff | |
| v. | Date of service: April 2, 2025 |
| GIMLET MEDIA, INC. | |
| Defendant | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT-JUDGMENT CREDITOR'S MOTION TO EXTEND DURATION OF EXECUTION LEVY**

# **TABLE OF CONTENTS**

                                                                 **Page**

TABLE OF AUTHORITIES ............................................................................................................ ii

INTRODUCTION ........................................................................................................................... 1

BACKGROUND ............................................................................................................................. 2

ARGUMENT ................................................................................................................................... 4

I.      BALESTRIERE PLLC'S CONTINGENCY FEE IS SUBJECT TO EXECUTION LEVY ................................................................................................................................. 4

II.     THE REQUESTED EXTENSION SHOULD BE GRANTED .......................................... 6

        A.     This Court Has the Power to Grant the Requested Extension ................................. 6

        B.     The Duration of the Requested Extension is Reasonable ....................................... 7

        C.     Cause Exists to Grant the Requested Extension ..................................................... 7

NO OPPOSITION FROM BALESTRIERE PLLC; NOTICE ....................................................... 8

NO PRIOR REQUEST ................................................................................................................... 9

CONCLUSION ................................................................................................................................ 9

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*ABKCO Indus. v. Apple Films*,
  39 N.Y.2d 670 (1976) ..................................................................................................... 5

*City of New York v. Panzirer*,
  23 A.D.2d 158 (1st Dep't 1965) ..................................................................................... 4

*Matter of Dontzin Nagy & Fleissig LLP v. HC2 Holdings, Inc.*,
  212 A.D.3d 499 (1st Dep't 2023) ............................................................................... 4, 7

*Doubet LLC v. Trustees of Columbia Univ. in City of New York*,
  99 A.D.3d 433 (1st Dep't 2012) ..................................................................................... 5

*Dulce v. Dulce*,
  233 F.3d 143 (2d Cir. 2000) ........................................................................................... 6

*Epperson v. Entm't Express, Inc.*,
  242 F.3d 100 (2d Cir. 2001) ........................................................................................... 6

*JPMorgan Chase Bank, N.A. v. Motorola, Inc.*,
  47 A.D.3d 293 (1st Dep't 2007) ..................................................................................... 5

*New York State Comm'r of Taxation and Finance v. Bank of New York*,
  275 A.D.2d 287 (1st Dep't 2000) ................................................................................... 7

*Peacock v. Thomas*,
  516 U.S. 349 (1996) ....................................................................................................... 6

*In re Reviss*,
  628 B.R. 386 (Bankr. E.D.N.Y. 2021) ........................................................................... 5

*Tae H. Kim v. Ji Sung Yoo*,
  776 Fed. App'x 16 (2d Cir. 2010) .................................................................................. 6

**Statutes and Rules**

CPLR 5018 ............................................................................................................................ 3

CPLR 5201 .................................................................................................................... 4, 5, 8

CPLR 5205 ............................................................................................................................ 5

CPLR 5225 .................................................................................................................... 2, 8, 9

CPLR 5227 ......................................................................................................................... 2, 8, 9

CPLR 5232 ............................................................................................................. 1, 2, 5, 6, 7, 9

CPLR 5234 ......................................................................................................................... 2, 4, 8

CPLR 8012 ................................................................................................................................. 6

Fed. R. Bankr. P. 2004 ............................................................................................................... 8

Fed. R. Civ. P. 5 ........................................................................................................................ 9

Fed. R. Civ. P. 69 ...................................................................................................................... 6

General Obligations Law § 13-103 ........................................................................................... 5

Second Cir. L. R. 40.1 ............................................................................................................... 7

Sup. Ct. R. 13 ............................................................................................................................ 7

**Other Authorities**

Siegel, N.Y. Prac. § 496 (6th ed.), "Levy on Personal Property" ............................................ 7, 8

N.Y. Prac., Enforcing Judgments and Collecting Debts § 8:255, "Effectiveness of service of execution" ............................................................................................................................ 6

The above-named defendant-judgment creditor ("Gimlet") submits this memorandum of law in support of its motion to extend, pursuant to CPLR 5232(a), the duration of its execution levy on:

(a) all property not capable of delivery in which Balestriere PLLC d/b/a Balestriere Fariello ("Balestriere PLLC") is known or believed to have an interest in possession or custody of nonparties Howard Rubin and ("Rubin") and Brittany Hassen ("Hassen"), including Hassen's interest in and right to payment on account of the amended judgment (Rubin Action ECF #467, "Amended Rubin Judgment") entered in Lawson et al v. Rubin et al E.D.N.Y. 17-cv-06404-BMC ("Rubin Action"), and

(b) all debts of Rubin and Hassen to Balestriere PLLC, including those specified in the notices attached to the respective executions served upon them, namely, debt resulting from the Amended Rubin Judgment, including attorneys' fees and costs awarded thereunder, and Balestriere PLLC's engagement terms (Rubin Action ECF #453-1 ¶42, #453-2 ("Engagement Terms")),

until sixty (60) days after the Second Circuit has issued an opinion, decision, judgment or order determining Rubin's appeal of the underlying judgment entered against him in the Rubin Action, which appeal is scheduled to be argued April 8, 2025 (2d Cir. Case 24-2018 ECF #81.1), or alternatively until October 31, 2025.

## INTRODUCTION

Gimlet is a judgment creditor of Balestriere PLLC. (ECF #254.) Balestriere PLLC was plaintiffs' counsel in the Rubin Action, a contingency case in which the plaintiffs were awarded (Amended Rubin Judgment) $3.85 million in compensatory and punitive damages and $4.83 million in attorneys' fees. Gimlet levied upon Balestriere PLLC's interest in said judgment pursuant to CPLR 5232(a) by causing an execution to be served upon Rubin and Hassen. The

1

resulting execution levies gives Gimlet priority with respect to the same, pursuant to CPLR 5234, but under CPLR 5232(a) the execution levy is only valid for ninety (90) days. Gimlet intends to commence a CPLR 5225(b) and 5227 turnover proceeding as soon as practicable after said judgment becomes final. To preserve priority in the interim, Gimlet moves to extend the time its execution levies are valid.

The requested extension of the duration of the execution levy is not opposed by Balestriere PLLC, as discussed below.

## BACKGROUND

In March 2024, an arbitral award was issued in favor of Pravati Investment Fund IV, LP and against Balestriere PLLC and its principal John Balestriere ("Balestriere") in the amount of $16.2 million. (Bankr. S.D.N.Y. 24-bk-11422-LGB ("Balestriere Bankruptcy") ECF #48-1.)

In April 2024, an Arizona state court proceeding to confirm the arbitration award was commenced.[1] (Chubak Decl. Exhibit 1.)

In August 2024, Balestriere PLLC "terminated its operations" "[d]ue to an ongoing dispute with … Pravati" and "communicated this to the [Rubin] Plaintiffs." (Rubin Action ECF #455-1.) In addition, in August 2024, Balestriere himself commenced a chapter 7 bankruptcy case. (Balestriere Bankruptcy ECF #1.) Balestriere PLLC has not commenced a bankruptcy case. Instead, in August 2024, Balestriere opened up a new law firm with a similar name operating from the same address. (Chubak Decl. Exhibit 2.)

---

[1] Balestriere PLLC withdrew its motion to vacate the award and opposition to Pravati's motion to confirm the award on February 18, 2025. (Chubak Decl. Exhibit 1.)

2

One of Balestriere PLLC's assets is its interest in the Amended Rubin Judgment.[2] Pursuant to its Engagement Terms (at 3, see also ECF #453-1 ¶42), as compensation for services rendered in the Rubin Action, Balestriere PLLC is entitled to either the Success Fee (40% of $3.85 million, or $1.54 million) or attorneys' fees awarded by the Court ($4.83 million) and presumably has elected or will elect to receive the latter.

The appeal of the initial judgment has been fully briefed and argument has been scheduled (2d Cir. Case 24-2018 ECF #81.1) for April 8, 2025.

In October 2024, this Court entered judgment herein (ECF #254) in favor of Gimlet and against Balestriere PLLC in the amount of $903,036.79.

The judgment was docketed with the Kings and New York County Clerks pursuant to CPLR 5018(b). (Chubak Decl. Exhibits 3-4.)

In March 2025, Marshal Biegel levied by service of execution upon Rubin and one of the plaintiffs in that action, Hassen. The execution served upon Hassen (Chubak Decl. Exhibit 5) included a notice stating she is in possession or custody of property not capable of delivery in which Balestriere PLLC has an interest; namely, her interest in the Amended Rubin Judgment, the Initial Supersedeas Bond and any supplemental bond.  The corresponding notice in the Rubin execution (Chubak Decl. Exhibit 6) states he is indebted to Balestriere PLLC on account of the Amended Rubin Judgment, including the award of attorneys' fees and costs therein, and the Engagement Terms; and also that he is in possession or custody of or custody of property not capable of delivery in which Balestriere PLLC has an interest, namely, all of his cash, deposit

---

[2] The initial judgment (Rubin Action ECF #407) was for compensatory and punitive damages only, and Rubin bonded (Rubin Action ECF #414, "Initial Supersedeas Bond") and appealed (Rubin Action ECF #443) the same. Subsequently, attorneys' fees were awarded (Rubin Action ECF #466, 2025 WL 510017) whereupon the Amended Rubin Judgment was entered.  Rubin appealed (Rubin Action ECF #478) and bonded (Rubin Action ECF #479) the attorneys' fee award as well.

3

accounts, uncertificated securities and beneficial ownership interests in certificated securities, plus his interests in the Initial Supersedeas Bond and any supplemental bond, to the extent any bond posted does not satisfy the Amended Rubin Judgment..

Hassen acknowledged personal service (Chubak Decl. Exhibit 7) by Marshal Biegel.

CPLR 308(4) nail-and-mail service of the Rubin execution has been effectuated. (ECF #257, #257-1, #257-2.)

These execution levies give Gimlet priority over other creditors with respect to such debts and property. *City of New York v. Panzirer*, 23 A.D.2d 158, 160 (1st Dep't 1965) ("The legislative history of CPLR 5234(c) … establishes that the order of priority among judgments is to be determined strictly in accordance with the chronological service of execution levies and the filing of orders for turnover"); *Matter of Dontzin Nagy & Fleissig LLP v. HC2 Holdings, Inc.*, 212 A.D.3d 499 (1st Dep't 2023) (similar).

## ARGUMENT

**I.     BALESTRIERE PLLC'S CONTINGENCY FEE IS SUBJECT TO EXECUTION LEVY**

CPLR 5201(a) which defines "debt against which a money judgment may be enforced" provides "[a] money judgment may be enforced against any debt, which is past due or which is yet to become due, certainly or upon demand of the judgment debtor … unless it is exempt from application to satisfaction of the judgment."

Rubin's indebtedness on account of the attorneys' fee award is clearly leviable under this standard.

CPLR 5201(b) which defines "property against which a money judgment may be enforced" provides "[a] money judgment may be enforced against any property which could be assigned or transferred, whether it consists of a present or future right or interest and whether or not it is vested,

4

unless it is exempt from application to the satisfaction of the judgment." Even if Hassen is not presently indebted to Balestriere PLLC, because no recovery has been had on the Amended Rubin Judgment, her contingent liability is leviable under this subsection. In this regard, *JPMorgan Chase Bank, N.A. v. Motorola, Inc.*, 47 A.D.3d 293, 302-03 (1st Dep't 2007) is instructive:

> It has long been held that a contingent future debt, even if not subject to levy as a 'debt' under CPLR 5201(a), may be leviable as 'property' under CPLR 5201(b) (*see*) [a debtor's contractual right to be paid by the garnishee part of a film's future net profits was reachable as 'property' under CPLR 5201(b), although the garnishee's duty to pay the debtor was not reachable as 'debt' under CPLR 5201(a) because the film was not certain to be profitable] … Thus, Motorola's potential liability in the Indian action may qualify as "property" available for enforcement of Chase's judgment under CPLR 5201(b), but only if the proceeds of any future judgment or settlement in the Indian action "could be assigned or transferred" by IITL.

*See also Doubet LLC v. Trustees of Columbia Univ. in City of New York*, 99 A.D.3d 433, 434 (1st Dep't 2012) ("Palermo's right to payment under a binding, assignable written contract with respondent was 'property' … regardless of the uncertainty of its ultimate value, because it had 'potential economic value' to petitioner").

"New York law permits assignment and transfer of the proceeds of a personal injury claim." *In re Reviss*, 628 B.R. 386, 395 (Bankr. E.D.N.Y. 2021). *See also* General Obligations Law § 13-103 ("Transfer of judgment for sum of money"). Moreover, neither the judgment nor its anticipated proceeds are exempt from application to satisfaction of the judgment under CPLR 5205 or otherwise.

Alternatively, the execution levy is "effective" under CPLR 5232(a) as the executions included a "notice [stating] that a specified debt is owed by the person served to the judgment debtor or that the judgment debtor has an interest in specified property not capable of delivery in the possession or custody of the person served." N.Y. Prac., Enforcing Judgments and Collecting

5

Debts § 8:255, "Effectiveness of service of execution" (service of notice with execution constitutes independent basis for execution levy becoming effective).

## II. THE REQUESTED EXTENSION SHOULD BE GRANTED

### A. This Court Has the Power to Grant the Requested Extension

"As a general rule, once a federal court has entered judgment, it has ancillary jurisdiction over subsequent proceedings necessary to 'vindicate its authority, and effectuate its decrees.'" *Dulce v. Dulce*, 233 F.3d 143, 146 (2d Cir. 2000) (quoting *Peacock v. Thomas*, 516 U.S. 349, 354 (1996)). "This includes proceedings to enforce the judgment" i.e. judicial action under CPLR Article 52, titled "Enforcement of Money Judgments". *Id.* (citations omitted).

"The primary limit on the exercise of such ancillary jurisdiction is that it may not be used 'to impose an obligation to pay an existing federal judgment on a person not already liable for that judgment.'" *Id.* at 147 n.5 (quoting *Peacock*, 516 U.S. at 357). *See also Tae H. Kim v. Ji Sung Yoo*, 776 Fed. App'x 16, 20 (2d Cir. 2010) (Summary Order) (citing *Epperson v. Entm't Express, Inc.*, 242 F.3d 100, 104 (2d Cir. 2001)) ("An ancillary action to collect a judgment does not require an independent basis for jurisdiction, unless the suit seeks to impose liability for the underlying action on a third-party").

Gimlet's execution levy does not seek to impose liability for any portion of the judgment on any third-party. It simply seeks to recover attorneys' fees due Balestriere PLLC on account of the Amended Rubin Judgment from the judgment debtor (Rubin) or the firm's former client (Hassen), only to the extent necessary to satisfy Gimlet's own judgment against Balestriere PLLC, as contemplated by CPLR 5232(a), made applicable by FRCP 69(a), plus CPLR 8012(b) poundage fees.

6

### B. The Duration of the Requested Extension is Reasonable

CPLR 5232(a) does not impose limitations on the duration of an extension. Siegel, N.Y. Prac. § 496 (6th ed.), "Levy on Personal Property" ("the extension will be whatever time the court allows, not necessarily limited to 90-day spurts").

Rubin's appeal of the underlying judgment is scheduled to be argued on April 8, 2025. It is not anticipated that a determination on the appeal will be made until several weeks after that, at the very earliest. Following such determination, Rubin may petition for a panel rehearing or rehearing en banc, pursuant to Second Circuit Local Rule 40.1; and if rehearing is denied, Rubin would have ninety days from entry of the Second Circuit judgment to petition for a writ of certiorari, pursuant to Supreme Court Rule 13, which period can be extended for good cause by up to an additional sixty days.

Gimlet's request to extend the time the execution levies are valid is accordingly reasonable. Significantly, Gimlet is not asking to extend the same until the Amended Rubin Judgment becomes final. The extension is only being requested until sixty days after the Second Circuit has determined the appeal or alternatively until October 31, 2025. That would permit this Court to revisit the determination as the appeal progresses.

### C. Cause Exists to Grant the Requested Extension

"[T]he only means of extending a levy by service of execution (CPLR 5232[a]) is by way of motion." *New York State Comm'r of Taxation and Finance v. Bank of New York*, 275 A.D.2d 287, 289 (1st Dep't 2000).

"An extension is not granted just for asking, however … the court must be satisfied that the judgment creditor is proceeding with diligence." Siegel, N.Y. Prac. § 496 (6th ed.). *See also Dontzin*, 212 A.D.3d at 501 ("general considerations of diligence and prejudice are … relevant to examinations of whether extension applications under CPLR 5232(a) have merit".

7

This is the first request for an extension. Gimlet is highly motivated to proceed with diligence, but a CPLR 5225(b) or 5227 turnover proceeding is currently premature given the pendency of a bonded appeal. *See also* Siegel, N.Y. Prac. § 496 (6th ed.) (identifying turnover and an extension motion as the sole means for perfecting a levy, if the garnishee does not make a voluntary transfer to the sheriff/marshal within ninety days).

Issues of prejudice are not presented, because Gimlet's executions were served before Pravati's arbitration award was confirmed; no other executions have been served by Gimlet in respect of its judgment against Balestriere PLLC, to Gimlet's knowledge; and given that preservation of Gimlet's priority with respect to the Rubin contingency fee award, and satisfaction of Balestriere PLLC's debt to Gimlet from the same, would consume less than one-quarter of the Rubin fee award, inclusive of poundage, whereas permitting Pravati to obtain CPLR 5234 priority would eliminate the possibility of Gimlet recovering on its judgment from said fee given the amount of its arbitration award. Also, it should be noted Pravati was granted leave to take FRBP 2004 discovery (Balestriere Bankruptcy ECF #58), and identified to the Bankruptcy Court other cases (Balestriere Bankruptcy ECF #48 ¶¶11-12, citing ECF #48-6) from which Pravati indicated it believes it can recover.

### NO OPPOSITION FROM BALESTRIERE PLLC; NOTICE

Prior to filing this motion, the undersigned reached out to Balestriere PLLC about setting a briefing schedule as contemplated by the individual motion practices and rules. The firm's principal Mr. Balestriere advised (Chubak Decl. Exhibit 8) that the firm "does not take a position with regards to [this] application" provided notice of the same is given to the firm's creditors including Pravati and the SBA (none of whom are parties to this action) and that the motion papers convey the firm's position that Hassen is not indebted to the firm under CPLR 5201(a) on account of no money having been recovered as of yet.

8

Notice of this motion is therefore being given by ECF to Balestriere PLLC, by certified mail return receipt requested (an acceptable method of serving a person or entity that may have an interest in property that is th subject of an enforcement proceeding, under CPLR 5225 and 5227) and email to the list of creditors furnished by Balestriere PLLC and by email to Hassen.[3]  Proof of service is filed contemporaneously herewith.

## NO PRIOR REQUEST

No prior request to extend the duration of Gimlet's execution levies under CPLR 5232(a) has been made to this Court or to any other court.

## CONCLUSION

For the foregoing reasons, the motion should be granted and an order should be entered extending the duration of Gimlet's execution levies until sixty (60) days after the Second Circuit has issued an opinion, decision, judgment or order determining Rubin's appeal of the underlying judgment, or alternatively until October 31, 2025.

Dated:  New York, NY                                              Amini LLC
        April 2, 2025

                                                                  /s/ Jeffrey Chubak
                                                                  Jeffrey Chubak
                                                                  131 West 35th Street
                                                                  12th Floor
                                                                  New York, NY 10001
                                                                  (212) 490-4700
                                                                  jchubak@aminillc.com
                                                                  Attorneys for Defendant-Judgment Creditor

---

[3] Hassen gave FRCP 5(b)(2)(E) written consent (Chubak Decl. Exhibit 7) to email service.

## **WORD COUNT CERTIFICATION**

      I hereby certify that the foregoing memorandum of law in support has 2,495 words as calculated by the word processing program used to prepare the document, excluding the cover, tables of contents and authorities and signature block.

Dated:  April 2, 2025

                                                                         /s/ Jeffrey Chubak